

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Alicea v. Ralston

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Alicea v. Ralston" (2008). *2008 Decisions.* Paper 1214.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1214

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

———————

No. 06-4521

———————

MONSERRATA ALICEA, IN HER OWN RIGHT,
AND AS PLENARY GUARDIAN OF THE PERSON AND
ESTATE OF JOSEPH MOTT, AN INCAPACITATED PERSON,

<u>Appellant</u>

v.

OFFICER ROBERT RALSTON; BADGE NO. 7062,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
A PHILADELPHIA POLICE OFFICER; CITY OF PHILADELPHIA

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03698)
District Judge: Hon. Eduardo C. Robreno

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2008

BEFORE: SMITH, HARDIMAN  and  COWEN, <u>Circuit Judges</u>

(Filed:  May 19, 2008 )

———————

OPINION

———————

COWEN, <u>Circuit Judge</u>.

 In June 2003, Appellant Monserrata Alicea, as guardian of Joseph Mott (an

incapacitated person), filed a complaint under 42 U.S.C. § 1983 against Police Officer

Robert Ralston and the City of Philadelphia for excessive force. The excessive force

claim arose from an incident which occurred on July 14, 2001. While on car duty patrol,

Ralston heard gunshots. He pursued the suspected shooter on foot down an alley. While

in pursuit of the suspected shooter, Ralston fired his gun, which seriously wounded Mott.

After this incident, Sergeant Collins Miles arrived at the scene and briefly spoke to

Ralston before Ralston was transported to Internal Affairs. Subsequently, Miles was

interviewed by Sergeant John Prendergast of Internal Affairs about what Ralston had told

him when he had arrived at the scene. Prendergast prepared a written report detailing this

interview, which Miles signed.

The excessive force claim against Ralston went to trial in September 2005. Miles

testified at trial. During his testimony, Appellant's counsel showed Miles the Prendergast

report and asked him several questions regarding the statements Ralston made to him that

were encompassed within the report. The District Court eventually admitted the

Prendergast report into evidence.

During the jury charge conference, the Appellant asked the District Court to

charge the jury that Ralston's statements in the Prendergast report should be considered

substantive evidence pursuant to Federal Rule of Evidence 803(5). Specifically,

Appellant requested that the jury charge include the following instruction:

> Earlier statements of a witness [who is not a party] were not
> admitted in evidence to prove the contents of those statements

are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness. There are two important exceptions to that rule. First, the statement of Officer Ralston may be considered by you as substantive evidence, because he is a party in this case. Second, any statement that was used to refresh a witnesses recollection or which was adopted by a witness as a recording of his past recollection may be considered by you as substantive evidence.

(App. 31.) The District Court declined this proposed instruction. Instead, it explained to the jury that:

Earlier statements of a witness who was not a party . . . were not admitted into evidence to prove that the contents of those statements are true. You may consider the earlier statements in such a case only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness. One relevant and important exception to the rule is of that of the testimony of a party. Therefore the statement of Officer Ralston may be considered by you as substantive evidence because he is a party in this case.

(App. 661-62.) In instructing the jury on the excessive force claim, the District Court also included the term "arrest" within the charge. The jury returned a verdict in favor of Ralston. The District Court denied Appellant's request for a new trial. Appellant timely filed a notice of appeal.

## I.     APPELLATE JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review in determining 'whether the jury instructions stated the proper legal

3

standard." United States v. Leahy, 445 F.3d 634, 642 (3d Cir. 2006) (quoting United States v. Coyle, 63 F.3d 1239, 1245 (3d Cir. 1995)). The refusal to give a particular instruction or the wording of a particular instruction is reviewed for abuse of discretion. See id. In reviewing jury instructions, "we consider the totality of the instructions and not a particular sentence or paragraph in isolation." Id.

## II. DISCUSSION

Appellant asserts that the District Court erred by failing to include its proposed jury instruction on past recollection recorded pursuant to Federal Rule of Evidence 803(5). Additionally, Appellant asserts that the District Court's inclusion of the word "arrest" in the jury instructions improperly confused and misled the jury. We consider each of these arguments in turn.

### A. Past Recollection Recorded

First, Appellant contends that the District Court erred by refusing to instruct the jury that the prior recorded recollection of Miles (which included statements made by Ralston to Miles) could be considered substantive evidence. Appellant asserts that the jury was precluded from considering Ralston's statements to Miles for their substance because the Court failed to instruct the jury that Miles' statements to Prendergast - a second level of hearsay requiring its own exception - could be considered substantively. For the following reasons, while Appellant may be correct, any error was harmless.

Federal Rule of Evidence 803(5) is an exception to the hearsay rule and states that:

4

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Rule 803(5) "requires the witness to have either made the record herself, or to have reviewed and adopted the statement, at a time when the matter it concerned was fresh in her memory." United States v. Mornan, 413 F.3d 372, 377 (3d Cir. 2005). In this case, Prendergast interviewed Miles soon after Miles spoke to Ralston. Furthermore, Miles signed and adopted the Prendergast report as his own, and had insufficient recollection at trial to testify fully and accurately. The Prendergast report fell within the past recollection recorded exception to hearsay with respect to Miles' statements to Prendergast. Nevertheless, the District Court explicitly refused to instruct the jury on past recollection recorded. Instead, it only instructed the jury that Ralston's statements could be considered as substantive evidence because they were admissions by a party-opponent. See Fed. R. Evid. 801(d)(2)(A). Certainly, we agree that Ralston's statements to Miles found within the Prendergast report were admissions by a party-opponent. However, without including the requested past recollection recorded instruction regarding Miles' statements to Prendergast as requested by the Appellant, the jury was not able to substantively consider Ralston's statements to Miles found within the Prendergast report

5

itself. Ralston's statements to Miles found in the Prendergast report were hearsay within hearsay. Under Federal Rule of Evidence 805, both levels of hearsay needed to fall within an exception for the hearsay to be admissible. Here, both levels of hearsay were admissible, yet the District Court failed to instruct the jury on the exception applicable to the second level of hearsay (past recollection recorded).

Nevertheless, any error in the jury instructions with respect to this issue was harmless. See Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 420 (3d Cir. 2006) ("For purposes of harmless error analysis . . . we ask whether it is highly probable that the error did not affect the result."). The jury was allowed to use Miles' testimony for impeachment purposes against Ralston. The statements at issue in the Prendergast report were primarily useful as impeachment material to the extent they differed from Ralston's testimony at trial. Thus, Appellant received the primary benefit sought out through Miles' testimony.

B. *Use of the Term "Arrest"*

Appellant asserts that the District Court's use of the term "arrest" in its excessive force jury instruction warrants a new trial because there was no false arrest claim. Appellant argues that the central issue of the case was the reasonableness of Ralston's use of force, and that this had nothing to do with the concept of "arrest." (Appellant's Br. 18.)

With respect to reviewing the jury instructions, "[i]f looking at the charge as a

6

whole, the instructions were capable of confusing and thereby misleading the jury, we must reverse." Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996) (internal quotation marks and citations omitted). A trial court has substantial discretion with respect to specific wording of jury instructions and need not give a proposed instruction so long as the essential points are covered by the instructions that are given. See Douglas v. Owens, 50 F.3d 1226, 1233 (3d Cir. 1995) ("No litigant has a right to a jury instruction of his choice or in the manner and words of its own preference.").

With respect to a claim that a law enforcement officer used excessive force, the claim should be analyzed under the Fourth Amendment and its reasonableness standard. See Graham v. Connor, 490 U.S. 386, 395 (1989). "[T]he reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Id. at 397 (citations omitted). Upon reviewing the District Court's jury instructions with respect to the excessive force claim, the District Court did not abuse its discretion by including the word "arrest." The instructions, as a whole, stated the correct legal standard. They were not capable of being confusing or misleading to the jury. See Mosley, 102 F.3d at 94. We will affirm.